IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| AMY MILLIGAN, : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | 3 : 04-CV-40 (CDL) |
| JO ANNE B. BARNHART, : | |
| Commissioner of Social Security, : | |
| : | |
| Defendant. : | |

## RECOMMENDATION

The plaintiff herein filed this Social Security appeal on May 21, 2004, challenging the Commissioner's final decision denying her application for disability benefits. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted.

The plaintiff filed her application for Supplemental Security Income in June 2001, alleging disability since January 1, 1986, due to diabetes, asthma, foot and leg numbness, hearing problems, breathing problems, vision problems, panic attacks, depression, anxiety, headaches, neuropathy, and obesity. Her application was denied initially and on reconsideration, and the plaintiff sought a hearing before an ALJ. Following a hearing on May 12, 2003, the ALJ determined that the plaintiff was not disabled, relying on the Medical-Vocational Guidelines to direct a finding of no disability for the twenty-year-old plaintiff found capable of performing sedentary work. The Appeals Council denied review and the plaintiff then filed this appeal, arguing that new evidence supports a remand of this matter for further consideration and that the ALJ erred in relying on the Medical-Vocational Guidelines to direct a finding of "not disabled".

## *BACKGROUND*

The plaintiff, born in 1982, was twenty years old at the time of the hearing before the ALJ in May 2003. She had prior work experience as a fast food cashier and a housekeeper. The medical evidence before the ALJ reveals treatment for urinary tract infections, diabetes, diagnosed in June 1999, headaches, asthma, and diabetic neuropathy. Although the plaintiff was referred for and underwent psychological consultations in April 1996 and August 2001, she was not diagnosed with any major thought, mood or anxiety disorder.

Early portions of plaintiff's medical records detail treatment for routine childhood ailments, including sore throats, viral infections, stomach and ear pain, and kidney infections. Plaintiff was examined in August 2001 by Dr. Ram K. Reddy in connection with her disability claim. Dr. Reddy noted a normal examination except for obesity at 261 pounds, and found plaintiff to be fairly well adjusted despite her complaints of anxiety and panic attacks. Plaintiff was also treated by Dr. Karen Ballard beginning in January 1998 and continuing at least through the date of the ALJ's decision. Dr. Ballard's treatment notes reveal complaints of leg pain and findings of obesity and decreased sensitivity in the feet. Dr. Ballard repeatedly recommended that the plaintiff increase her level of physical activity and pursue school or work activities.

## *DISCUSSION*

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. <u>Bloodsworth v. Heckler</u>, 703 F.2d 1233, 1239 (11th Cir. 1983); <u>Boyd v. Heckler</u>, 704 F.2d 1207, 1209 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence,

defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not reweigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

*New evidence*

The plaintiff has presented new evidence in the form of treatment notes and evaluations from Dr. Fred Moorman, a dermatologist, who began treating the plaintiff in June 2003, following the issuance of the ALJ's decision in May 2003. In treatment notes spanning a six-month period of treatment, Dr. Moorman notes plaintiff's complaints of pain in her joints and back, as well as her problem "dropping things", and his diagnosis of psoriatic arthritis. In January 2004, Dr. Moorman signed a handwritten notation indicating the plaintiff's need to elevate her legs and lie down several times per day. In December 2003, Dr. Moorman evaluated the plaintiff's residual functional capacity, and found that the plaintiff was restricted to lifting no more than ten (10) pounds, standing and walking less than two (2) hours in an eight (8) hour day, and would have to lie down two (2) to three (3) times during any given work shift. Dr. Moorman supported his conclusions by referencing plaintiff's "complaints of joint pain in shoulders, knees,

wrists, fingers and back". R. at 341.

Pursuant to Sentence Six of 42 U.S.C. § 405(g), the court is empowered to remand a case to the Commissioner for consideration of material, new evidence if the plaintiff can demonstrate good cause as to why it was not previously submitted. Cherry v. Heckler, 760 F.2d 1186 (11th Cir. 1985).[1] In order to obtain a remand under Sentence Six, the plaintiff must establish that: 1) there is new, noncumulative evidence; 2) the evidence is material in that there is a reasonable possibility that it would change the administrative result; and 3) there is good cause for failure to submit the evidence at the administrative level. Caulder v. Bowen, 791 F.2d 872, 879 (11th Cir. 1986).[2]

The plaintiff argues that Dr. Moorman's treatment notes are new and material evidence meriting a remand of this matter for further consideration under Sentence Six. The plaintiff argues that the treatment notes and reports confirm her contentions that she has difficulty holding objects and must elevate her legs. Although the evidence submitted by the plaintiff is new and noncumulative in that it details dermatological treatment after the period under consideration by the ALJ, it does not appear to be material in regard to the ALJ's decision herein. The new evidence from Dr. Moorman consists mainly of his medical conclusions and reiteration of

---

[1] Sentence Six of 42 U.S.C. § 405(g) provides that "the court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."

[2] Although this "new" evidence was presented to and considered only by the Appeals Council, "new evidence first submitted to the Appeals Council is part of the administrative record that goes to the district court for review when the Appeals Council accepts the case for review as well as when the Council denies review." Keeton v. Dep't. of Health and Human Serv., 21 F.3d 1064, 1067 (11th Cir. 1994).

plaintiff's reported complaints, with little or no support or explanation provided for his conclusions other than his interviews with the plaintiff and those familiar with the plaintiff. His notation of joint and back pain reiterates findings already in the record before the ALJ. Inasmuch as the new evidence merely presents a new diagnosis on the basis of medical findings and conclusions already in the record and/or with little or no support in the form of actual clinical findings, the undersigned finds that the new evidence does not present a reasonable possibility of changing the administrative result and therefore does not merit a remand of this matter for further consideration thereon.

*Reliance on the Medical-Vocational guidelines*

The plaintiff also maintains that the ALJ inappropriately relied on the Medical-Vocational Guidelines, or "grids", in finding the plaintiff not disabled. Application of the Grids is inappropriate when a claimant is incapable of performing the full range of work at a given exertional level or when a claimant suffers from severe non-exertional impairments that significantly impact her ability to perform basic work activities. Syrock v. Heckler, 764 F.2d 834, 836 (11th Cir. 1985); Swindle v. Sullivan, 914 F.2d 222 (11th Cir. 1990). The Eleventh Circuit "has recognized that the grids may be used in lieu of vocational testimony on specific jobs if none of the claimant's nonexertional impairments are so severe as to prevent a full range of employment at the designated level." Passopulos v. Sullivan, 976 F.2d 642, 648 (11th Cir. 1992).

The ALJ found that the plaintiff had the residual functional capacity to perform the full range of sedentary work and thereafter relied on Medical-Vocational Rule 201.27 to direct a

finding of not disabled.[3] After a detailed review of the plaintiff's testimony and the medical evidence, the ALJ determined that the plaintiff had the residual functional capacity to perform sedentary work, stating that

> I am mindful that the claimant alleges that she is unable to sustain any activity because of symptoms of pain, swelling, and problems dropping things. The medical evidence of record, however, does not bear out her allegations. There is no medical evidence of ongoing edema or need to elevate her legs and there is nothing in the medical record about problems with her hands. The medical evidence mentions occasional headaches, not constant ones as she alleges, and the severity of her headaches, by her own admission, has not required emergency room or intensive medical intervention. . . . While the claimant does have medical problems, and, out of an abundance of caution, I am finding her restricted to sedentary work because of her obesity and burning in her feet, her own treating physician has recommended either work or school, as well as increased activity and exercise. This treating physician opinion from a doctor who has seen the claimant over a period of time fully supports a finding that there is no contraindication to her working."

R. at 21-22.

The plaintiff maintains that she suffers from non-exertional impairments that significantly narrow the range of sedentary jobs which she can perform, and that the ALJ improperly relied on the Grids and improperly discounted her testimony and medical statements regarding these impairments. Specifically, she claims to have difficulty handling objects and claims to suffer from migraine headaches at least once per week.

As the ALJ notes, however, the record before the ALJ does not reveal significant medical

---

[3]Rule 201.27 pertains to a younger individual between the ages of 18 and 44, with a maximum sustained work capability limited to sedentary work, limited or less ability to literate and communicate in English and unskilled or no prior work experience.

findings regarding plaintiff's difficulties holding objects or her need to elevate her legs frequently, other than notations of the plaintiff's own reports of numbness or burning in her hands and other extremities. In regard to her reports of headaches, the record reveals only sporadic reports of headaches, at times occurring weekly, but not constantly, as alleged by the plaintiff in her testimony before the ALJ. R. at 36. The plaintiff even reported in June 1999 that her headaches had resolved with medication. R. at 243. The ALJ's findings in regard to the absence of significant non-exertional impairments are therefore supported by the medical findings and record and her reliance on the Grids was therefore appropriate and supported by substantial evidence.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g). Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Clay D. Land, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 13th day of April, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE